**STATE of Missouri, Respondent,**

v.

**Olandez WIGGLEY, Appellant.**

No. ED 76085.

Missouri Court of Appeals,
Eastern District,
Division Four.

June 20, 2000.

Motion for Rehearing and/or Transfer to
Supreme Court Denied July 25, 2000.

Application for Transfer Denied
Aug. 29, 2000.

Gwenda R. Robinson, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before CRANDALL, P.J. and HOFF, J. and PUDLOWSKI, S.J.

ORDER

PER CURIAM.

Olandez Wiggley (Defendant) appeals from the trial court's judgment and sentence imposed after a jury-waived trial, finding him guilty of two counts of forcible rape, Section 566.030 RSMo 1994, three counts of forcible sodomy, Section 566.060 RSMo 1994, one count of robbery in the first degree, Section 569.020 RSMo 1994, and kidnapping, Section 565.110 RSMo 1994. Defendant was sentenced to concurrent terms of life imprisonment on each count of forcible rape, three concurrent terms of life imprisonment for forcible sodomy, consecutive to a term of life imprison-

P.2000, unless otherwise indicated.

ment for robbery in the first degree, and consecutive to a term of fifteen years imprisonment for kidnapping.

Defendant raises two points on appeal. First, Defendant contends the circuit court did not have jurisdiction because the juvenile court certification dismissing the juvenile court proceedings so he could be tried as an adult was issued by a juvenile court commissioner and not an Article V judge. Second, Defendant claims the trial court plainly erred in sentencing Defendant in that the trial court's comments prior to sentencing indicate the "significant" sentence was a penalty for Defendant's exercise of his rights not to plead guilty and to a trial.

We have reviewed the briefs of the parties, the legal file, and the record on appeal, and find the claims of error to be without merit. No error of law appears. An extended opinion would have no jurisprudential purpose. We affirm the judgment pursuant to Rule 30.25(b).

The parties have been furnished with a memorandum for their information only, setting forth the reasons for the order affirming the judgment pursuant to Rule 30.25(b).